NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16966 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-00729-HRH |
| v. | |
| MICHAEL ANDREW BIGLEY; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Michael Andrew Bigley, Carolyn E. Bigley, Robert B. Kelso, and Raeola D.

Kelso appeal pro se from the district court's summary judgment for the United

States in its action to reduce to judgment federal income tax assessments from tax

years 2004 to 2006. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment for the government to reduce assessments to judgment because the government submitted Form 4340 for years 2004 to 2006, and the Bigleys failed to raise a genuine dispute of material fact as to the insufficiency of the notices of deficiencies and assessments for those tax years. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (Internal Revenue Service assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *see also Hughes*, 953 F.2d at 535, 540 (absent contrary evidence, official certificates, such as a Form 4340, constitute proof of fact that assessments were actually and properly made).

The district court properly granted summary judgment for the government to foreclose on the tax lien, and properly ordered the sale of the subject property, because the Bigleys failed to raise a genuine dispute of material fact as to whether there was no nominee relationship or fraudulent conveyance. *See* 26 U.S.C. § 7403(a), (c) (authorizing district court to decree a sale of property subject to federal tax lien according to its findings regarding the interests of all parties); *see also* Ariz. Rev. Stat. § 44-1001, *et seq.* (Arizona's Uniform Fraudulent Transfer Act permits aggrieved creditors to set aside certain fraudulent transactions).

The district court did not abuse its discretion by denying appellants' Federal

Rule of Civil Procedure 60(b) motions because appellants failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 60(b)).

Appellants fail to challenge the district court's sanctions finding that the Kelsos and ISA Ministries are the nominees, alter-egos, and fraudulent transferees of the Bigleys with respect to the subject property, and have therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We reject as meritless appellants' contentions regarding the district court judge's authority to preside over the case. *See* 28 U.S.C. § 371(b)(1).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests and motions are denied.

**AFFIRMED.**